IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:99-00155-02

MARGORETTI RUCKER

MEMORANDUM OPINION AND ORDER

Pending is defendant's motion to modify sentence, submitted to chambers on December 31, 2008, pursuant to 18 U.S.C. § 3582(c)(2).[1]  The motion to modify sentence is based upon the November 1, 2007, amendment to U.S.S.G. § 2D1.1, which the United States Sentencing Commission made retroactive effective March 3, 2008.

Section 1B1.10(b) controls a defendant's eligibility for a reduction in sentence based upon a post-disposition guideline amendment.  Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine <u>the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced</u>. In making such determination, the court shall substitute <u>only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced</u> and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10,

---

[1] The Clerk is directed to file the motion <u>nunc pro tunc</u> to December 31, 2007.

applic. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. . . . [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant . . . .").

On May 8, 2000, defendant was sentenced, <u>inter alia</u>, to a 151-month term of imprisonment.  The Judgment reflects that defendant was classified as a career offender pursuant to U.S.S.G. § 4B1.1(a) and (b).  <u>United States v. Rucker</u>, No. 2:99-00155-02, Jgt. at 6.1 (S.D. W. Va. May 8, 2000) ("The parties agreed that the amount of cocaine base attributable to the defendant is a total of 3.22 grams.  However, the base offense level is not affected as the Career Offender provision establishes a Base Offense Level of 32.").

Inasmuch as defendant's guideline range was not calculated pursuant to the pre-amended version of U.S.S.G. § 2D1.1, he is not entitled to relief under the retroactive amendment that modified that guideline section.  The court, accordingly, ORDERS that defendant's motion to modify sentence be, and it hereby is, denied.

2

Defendant additionally observes that he lacks the assistance of counsel.  To the extent the observation is properly construed as a request for appointment of counsel, it is not well taken.  See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) ("It is well settled that 'a criminal defendant has no right to counsel beyond his first appeal.' Coleman v. Thompson, 501 U.S. 722, 756, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991). . . . A motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'") (citations omitted); Standing Ord. for Petits. Seeking Retroact. Applic. ¶ III.e (S.D. W Va. Feb. 6, 2008) ("Counsel is not appointed under the Expedited procedure. . . . If the offender appears eligible [under the Standard procedure], the District Judge may order the Federal Public Defender to undertake the representation . . . or appoint counsel.").

Additionally, the appointment of counsel is, at best, discretionary under the district's Criminal Justice Act Plan.  See Criminal Justice Act Plan, Art. III.B (S.D. W. Va. May 24, 2004). In view of the relative simplicity of the issues presented, and the apparent certainty that defendant is ineligible for relief, the court is unable to conclude counsel would provide any measurable assistance to the defendant.  The court, accordingly, declines to appoint counsel.

      The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

                                    ENTER: March 26, 2008

                                    _____
                                    John T. Copenhaver, Jr.
                                    United States District Judge